UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRED CHISOM,

               Plaintiff,

     v.

CLALLAM BAY CORRECTIONS CENTER
SUPERINTENDENT,

               Defendant.

Case No. C04-5590FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
December 9th, 2005**

       This case has been referred to United States Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted *in forma pauperis* status. (Dkt. # 8). This action deals with plaintiff's allegations that he was denied showers and out of cell yard time at the Clallam Bay Correction Center because of his dreadlocks.

       Plaintiff was transferred to the Washington State Penitentiary and he seeks injunctive relief against a Lieutenant at the Penitentiary. (Dkt. # 42). Plaintiff claims he had a "relationship" with the Lieutenants' wife. He alleges his life has been threatened and that corrections officers have made "racial jestures[sic]". (Dkt. # 42). Plaintiff request an immediate restraining order against the Lieutenant and an "affidavit stipulating [he, the plaintiff,] is exempt from felony charges." (Dkt. # 2).

       The defendant has responded. (Dkt. # 44). The defendant notes that the relief sought is totally

REPORT AND RECOMMENDATION
Page - 1

unrelated to the claims in this action, that the person against whom plaintiff seeks relief is not a party to this action, and that the claims that form the basis for this request were placed before two other courts and dismissed by both those courts with prejudice. The United States District Court for the Eastern District of Washington dismissed the claims for failure to state a claim with the dismissal counting as a strike under the Prison Litigation Reform Act. The Washington State Court of Appeals dismissed plaintiffs personal restraint petition which raised the same allegations with prejudice. (Dkt. # 44, Exhibits). Finally, defendant notes that plaintiff has been transferred to another institution and does not have standing to seek injunctive relief. (Dkt. # 44, Exhibits).

## DISCUSSION

The repetitive filing of the same motion in three different courts is at best forum shopping and at worst a violation of Federal Rule of Civil Procedure 11. The filing of the motion is a violation of the rule for two reasons. First, the repetitive filing is harassing in nature and cannot be for a proper purpose. The Eastern Districts' ruling is dispositive of the claim. Second, the filing unnecessarily increases the cost of litigation.

**Plaintiff is warned that this court may impose sanctions for conduct of this nature and those sanctions may include costs, dismissal of actions, or other sanctions that may limit future filings.** In light of the repetitive nature of plaintiff's filing the court should not consider this motion on the merits. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 9th, 2005**, as noted in the caption.

DATED this 15th day of November, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2