UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRED CHISOM,<br><br>    Plaintiff,<br><br>  v.<br><br>CLALLAM BAY SUPERINTENDENT,<br><br>    Defendant. | Case No.  C04-5590FDB<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**January 27th, 2006** |

  This case has been referred to United States Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has been granted *in forma pauperis* status.  Before the court is defendant's motion for summary judgment.  (Dkt. # 47).  After review of the complaint, the motion for summary judgment, attached documents, the response, and the remainder of the file the court concludes that the Clallam Bay Superintendent, Sandra Carter, is not the proper defendant in this action.  She should be dismissed.  Having reached that decision the court should not consider whether plaintiff suffered a constitutional deprivation or whether defendant Carter is entitled to qualified immunity.

## FACTS

  The only named defendant in this action is Sandra Carter, Superintendent of the Clallam Bay Correction Center.  On August 18th, 2004 plaintiff was transferred from another prison to the Clallam Bay Correction Center Intensive Management Unit.  (Dkt. # 47, page 2).  At the time of his transfer plaintiff

1  had dreadlocks that were approximately five inches long.  Plaintiff alleges that between August 18th, 2004
2  and September 2nd, 2004 he was denied shower and yard because of his dreadlocks.  Defendant Carter
3  agrees that from August 20th, 2004 until September 3rd, 2004 plaintiff was denied the use of yard because
4  of his dreadlocks but contends he was allowed showers.  (Dkt. # 47, Exhibit 3, page 2, ¶ 7).

5  Plaintiff filed an action in Clallam County Superior Court challenging the denial of yard and
6  showers.  One day before a hearing on a motion for injunctive relief Superintendent Carter changed IMU
7  policy to allow a person with braids or dreadlocks to use the yard in IMU without removing the braid or
8  dreadlocks as long as staff could ascertain there was no contraband in the braid or dreadlocks.  See, Dkt. #
9  47, page 2 footnote 3 and Dkt. # 47, Exhibit 3, page 2, ¶ 8.

10  Department of Correction policy, signed by Secretary Joseph Lehman, allows inmates freedom in
11  how they wear their hair as long as their hair does not conflict with the facility's requirements for safety,
12  security, identification, or hygiene.  (Dkt. # 47, Exhibit 1, Attachment C, page 2).  Another Department of
13  Corrections policy, regarding strip searches, requires an inmate to "brush out" his or her hair during a strip
14  search.  (Dkt. # 47, Exhibit 1, attachment D, page 3, item D-6).  This policy was also signed by Secretary
15  Lehman.

16  The Clallam Bay Intensive Management Unit Offender Guide requires inmates submit to a strip
17  search when exiting the yard.  (Dkt. # 47, Exhibit 4, Attachment B, page 13).  The Clallam Bay Intensive
18  Management Unit Offender Guide was signed by Correctional Unit Supervisor De Long, Correctional
19  Program Manager Dimmel, and Associate Superintendent Kaatz.  Thus, any inmate using yard in the
20  Clallam Bay Intensive Management Unit had to brush out their hair for a strip search.  A person with
21  dreadlocks cannot brush out their hair.

22  Defendant Carter avers she played no part in the decision to deny plaintiff an opportunity to
23  participate in yard because of his dreadlocks.  (Dkt. # 47, Exhibit 3, ¶ 7).  It is uncontested that plaintiff
24  does not belong to a religion which requires the hair be worn in any particular manner.  (Dkt. # 47, Exhibit
25  2, Deposition of Fred Chisom, page 10).

26  Plaintiff contends the decision to deny him yard and shower was racially motivated.  However,
27  plaintiff admits in his deposition that all the other African American inmates in the Intensive Management
28  Unit were allowed shower and yard during this time frame.  He also admits none of the other African

REPORT AND RECOMMENDATION
Page - 2

American inmates had dreadlocks. He also admits that people other than African Americans wear dreadlocks. (Dkt. # 47, Exhibit 2, deposition of Fred Chisom).

The parties disagree as to whether plaintiff was provided showers during this time frame. Plaintiff contends he was not allowed showers but defendant Carter has placed before the court business records of the Department of Corrections showing plaintiff receiving at least sporadic showers during this time frame. (Dkt. # 47, Exhibit 4, Attachment A). Plaintiff contest the information in the records but fails to show that defendant Carter played any role in the alleged denial of showers.

## STANDARD

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must liberally construe plaintiff's pleadings because he is acting pro se. However, there are limits as to what a court may infer. The court cannot add facts to a complaint that have not been plead and cannot supply essential elements to a complaint that the plaintiff has failed to plead. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992).

In order to state a claim under 42 U.S.C. § l983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a

REPORT AND RECOMMENDATION
Page - 3

1  person of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt</u>
2  <u>v. Taylor</u>, 45l U.S. 527, 535 (l98l), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).
3  Section l983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are
4  present. <u>Haygood v. Younger</u>, 769 F.2d l350, l354 (9th Cir. l985), <u>cert. denied</u>, 478 U.S. 1020 (l986).

DISCUSSION

6  In a civil rights action seeking damages the inquiry into causation must be individualized and focus
7  on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have
8  caused a constitutional violation. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).

9  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized,
10 approved, or knowingly acquiesced in the unconstitutional conduct. <u>Bellamy v. Bradley</u>, 729 F.2d 416,
11 421 (6th Cir.), <u>cert. denied</u>, 469 U.S. 845 (1984). Plaintiff must allege facts showing how an individually
12 named defendant caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v.</u>
13 <u>IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).  A § 1983 suit cannot be based on vicarious liability or
14 *respondeat superior* alone, but must allege the defendants' own conduct violated the plaintiff's civil rights.
15 <u>City of Canton v. Harris</u>, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there
16 exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal
17 connection between a supervisor's wrongful conduct and the constitutional violation." <u>Redman v. County</u>
18 <u>of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

19 Plaintiff has failed to show defendant Carter played any part in the policy interpretation or decision
20 to deny him yard or showers.  Plaintiff has failed to show personal participation and defendant Carter is
21 entitled to dismissal.  As there is no other named defendant this action should be dismissed and the court
22 will not address the merits or the issue of qualified immunity.

CONCLUSION

24 The court should **DISMISS THIS ACTION WITH PREJUDICE** for lack of personal
25 participation. A proposed order and proposed judgment accompanies this Report and Recommendation.
26 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
27 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ.
28 P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v.</u>

REPORT AND RECOMMENDATION
Page - 4

1  Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
2  set the matter for consideration on **January 27th, 2006**, as noted in the caption.

5       DATED this 6th day of January, 2006.

7                    /S/ J. Kelley Arnold
                     J. Kelley Arnold
8                    United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 5